[X] IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

[ ] IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| [X] CIVIL [ ] DISTRICTS [ ] OTHER | **CIVIL ACTION SUMMONS (b)** Form for Personal Service on a Natural Person | 2022-001393-CA-01 |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | CLOCK IN |
|---|---|---|
| JOSEPH S. GELLER et al. | CHRISTINA WHITE, as Miami-Dade County Supervisor of Elections | 1-31-2022 1130 Am JMR #87 |

**THE STATE OF FLORIDA:** TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

To Defendant(s):
~~CHRISTINA WHITE, as Miami-Dade County Supervisor of Elections~~

Address:
Miami-Dade Elections, 2700 NW 87 Ave., Miami, FL 33172

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

MIAMI-DADE COUNTY COURT LOCATIONS

| | | | |
|---|---|---|---|
| [X] **Dade County Courthouse** (05) Room 133 73 West Flagler Street Miami, FL 33130 | [ ] **Joseph Caleb Center Court** (20) Suite 103 5400 N.W. 22nd Avenue Miami, FL 33142 | [ ] **Hialeah District Court** (21) Room 100 11 East 6th Street Hialeah, FL 33010 | [ ] **North Dade Justice Center** (23) Room 100 15555 Biscayne Blvd. North Miami Beach, FL 33160 |
| [ ] **Miami Beach District Court** (24) Room 200 1130 Washington Avenue Miami Beach, FL 33139 | [ ] **Coral Gables District Court** (25) Room 100 3100 Ponce De Leon Blvd. Coral Gables, FL 33134 | [ ] **South Dade Justice Center** (26) Room 1200 10710 SW 211 Street Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney Benedict P Kuehne Florida Bar No. 233293 | Address: Kuehne Davis Law, P.A., 100 SE 2 Street, Suite 3105, Miami, FL 33131 | DATE ON: JAN 2 8 2022 |
|---|---|---|
| CLERK OF COURTS HARVEY RUVIN | STEPHANIE CASSEUS DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 070 Rev. 03/19

Clerk's web address: www.miami-dadeclerk.com

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO. _____**

**JOSEPH S. GELLER; CHRISTOPHER BENJAMIN; KEVIN D. CHAMBLISS; MICHAEL C. GRIECO; FELICIA S. ROBINSON; ROBERT DEMPSTER; MARÍA ELENA LÓPEZ; and FLORIDA DEMOCRATIC PARTY,**

    *Plaintiffs,*

**vs.**

**CHRISTINA WHITE, in her official capacity as Miami-Dade County Supervisor of Elections,**

    *Defendant.*

_____/

### VERIFIED COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS, INJUNCTION, AND DECLARATORY JUDGMENT

Plaintiffs JOSEPH S. GELLER, CHRISTOPHER BENJAMIN, KEVIN D. CHAMBLISS, MICHAEL C. GRIECO, FELICIA S. ROBINSON, ROBERT DEMPSTER, MARÍA ELENA LÓPEZ, and the FLORIDA DEMOCRATIC PARTY ask this Court for issuance of a temporary and permanent injunction and a writ of mandamus compelling Defendant CHRISTINA WHITE, in her official capacity as Miami-Dade County Supervisor of Elections ("SOE"), to retain and preserve two essential election records, as required by law, that are used in all

elections, including the August 23, 2022 Primary Election and the November 8, 2022 General Election, and all other future elections, specifically: 1) Digital ballot images automatically created by the digital voting equipment in use in Miami-Dade County to count the actual votes; and 2) The individual Cast Vote Records ("CVRs") that correspond to each ballot image and show the counting of each vote on every ballot.[1]

Plaintiffs also seek entry of a declaratory judgment declaring that the SOE must retain and preserve digital ballot images that are automatically created by digital voting equipment, and retain and preserve the individual CVRs corresponding to each ballot image, in all elections and related recounts, including the August 23, 2022 Primary Election and the November 8, 2022 General Election, and other future elections, as required by law.

## NATURE OF THIS LITIGATION

1.     This lawsuit involves the retention and preservation of essential public election records. It is brought by and on behalf of voters in Miami-Dade County to require the retention and preservation of both digital ballot images that are automatically created during the process of scanning paper ballots, and the individual CVRs that correspond to each image. Florida and federal law require the preservation of these digital records, including ballot images and CVRs, as public record election materials. Yet, the SOE refuses to preserve and

---

[1] Representative samples of digital ballot images and CVRs, provided by the Collier County SOE in response to a public records request, are at Figure 1 and Figure 2 at Paragraph 40 of this Complaint. The complete ballot images and CVRs are attached as Exhibit 1.

produce the digital ballot images and individual CVRs corresponding to each ballot image, despite Plaintiffs' requests for preservation and production of these public records and election materials.

2.     The digital systems used in Miami-Dade County and throughout Florida function by capturing an electronic digital image of every ballot. The votes are counted from the ballot images, not from the paper ballots themselves, making the digital ballot images a necessary and automatic part of the chain of custody and audit trail of official election records that produce the vote count. As individual ballots are fed through digital scanners, the scanners automatically create a digital image of each ballot that is automatically stored as an electronic file. The electronic file is used for the tabulation and counting process. The CVR that corresponds with each ballot image shows how the voting machine counted the votes.

3.     Florida law already requires ballot images to be retained for 22 months, and specifies that ballot images are public records. The operative statute, § 101.545, Florida Statutes, states that "(a)ll ballots, forms, and other election materials shall be retained in the custody of the supervisor of elections in accordance with the schedule approved by the Division of Library and Information Services of the Department of State." Rule 1B-24.003(1)(c), Florida Administrative Code, Florida Department of State General Records Schedule GS3 for Election Records, authorized by § 101.545, Florida Statutes, specifies the following in Item  #113, at page 3:

**BALLOT IMAGE FILES**                                                                 **Item #113**
This record series contains records of the content of each ballot cast on an electronic voting system.  To protect
voter privacy, the stored files are randomly sorted so that the ballots cannot be matched to the voting system
transaction logs.  Electronic media such as memory card chips can be cleared for next election provided ballot
image files are printed out and retained in accordance with retention schedule. The retention period is based on Title
42, U.S.C. 1974, Retention and preservation of records and papers by officers of elections.
**RETENTION:**
a) Record copy.  22 months after certification of election.
b) Duplicates.  Retain until obsolete, superseded, or administrative value is lost.

*See id.*, attached as Exhibit 2; *see also* Chapter 119, Fla. Stat.

4.     Federal law, 52 U.S.C. § 20701, also requires the preservation of

digital ballot images. This obligation is expressly mandated by the U.S.

Department of Justice, Guidance Concerning Federal Statutes, issued July 28,

2021, and attached as Exhibit 3, p. 2 ("The materials covered by Section 301

extend beyond 'papers' to include 'other records.' Jurisdictions **must** therefore

also retain and preserve records created in **digital or electronic** form.")

(emphasis added). *See* 52 U.S.C. § 20701, attached as Exhibit 4.

5.     Since the actual vote tabulation results from the counting of digital

ballot images instead of the paper ballots, confirmation of the accuracy of the

vote count is assured only when digital images are preserved. Florida law

recognizes the importance of digital ballot images in affirming the accuracy of

the vote count by authorizing their use in election recounts. *See* § 102.166(6),

Fla. Stat. ("Nothing in this section precludes a county canvassing board or local

board involved in the recount from comparing a digital image of a ballot to the

corresponding physical paper ballot during a manual recount."); §

102.166(1)(b), Fla. Stat. ("A manual recount consists of a recount of marksense

ballots or of **digital images** of those ballots by a person.") (emphasis added).

6.    As a result of the SOE's failure to comply with Florida's mandatory public records law and federal civil rights law requiring preservation of all election records, the digital ballot images used for counting votes, assuring accuracy, and in post-election recounts and contests, will be unlawfully destroyed in all future elections, including the 2022 primary and general elections.

7.    The failure and refusal of the SOE to preserve all election records, including digital ballot images and CVRs, violates Florida's public records law and federal civil rights law and infringes upon Plaintiffs' constitutional right to a fair and accurate election as guaranteed by Article I, Sections 1, 2, and 9 of the Florida Constitution, and the First and Fourteenth Amendments to the U.S. Constitution.

8.    This civil action does not challenge the validity of any provision of the Florida Election Code.

9.    The relief sought in this civil action does not nullify or suspend, and is not in conflict with, any provision of the Florida Election Code.

## JURISDICTION AND VENUE

10.   This Court has jurisdiction under Art. I, § 24(a), Fla. Const. Art. V, § 5(b), Fla. Const. and Chapter 119, §§ 26.012(2)(a), and 86.011; Fla. Stat., among other controlling provisions of Florida law.

11.   This Court has jurisdiction to issue writs of mandamus and orders for declaratory judgments pursuant to Art. V, § 5(b), Fla. Const., and § 86.011,

Fla. Stat.

12.    This Court has jurisdiction to issue injunctions pursuant to § 26.012(3), Fla. Stat., and Rule 1.610 of the Florida Rules of Civil Procedure.

13.    This Court has personal and subject matter jurisdiction over the parties and this action. Venue is proper in this county.

14.    Plaintiffs seek a declaration from this Court regarding the legal status of ballot images, a question disputed by the SOE that impacts the Plaintiffs' rights, title, status, and interest on the fundamental questions of whether ballot images and their corresponding individual CVRs must be preserved as election materials for at least twenty-two (22) months following every election in which a federal candidate is on the ballot; and whether the ballot images and their corresponding individual CVRs must be preserved as public records and election materials under Item #113, Rule 1B-24.003(1)(c), Florida Administrative Code, General Records Schedule GS3 for Election Records; Chapter 119, Fla. Stat., Florida's Public Record Laws; § 101.545, Fla. Stat.; and 52 U.S.C. § 20701. Further, the destruction of ballot images directly impacts the fundamental constitutional rights of the Plaintiffs and all Florida voters, and adversely impacts the right of all Floridians to preservation of public records.

15.    All conditions precedent have occurred, been performed, been met, been waived, would be futile, or are otherwise inapplicable.

16.    Plaintiffs have a tangible, concrete, actual, and legitimate concern

that, absent an order compelling the SOE to preserve all digital ballot images and corresponding CVRs, these election materials will not be preserved as required by operative law.

**PARTIES**

17.    Plaintiff Joseph S. Geller is a registered voter in Miami-Dade County, Florida and a member of the Florida House of Representatives, representing District 100, located in Miami-Dade County. He is a member in good standing of The Florida Bar. Rep. Geller is eligible to vote in local, countywide, and multicounty races, including statewide races. This includes the 2022 elections for United States Senate, Governor, Attorney General, and Commissioner of Agriculture. Geller's Declaration is attached in Exhibit 5.

18.    Plaintiff Christopher Benjamin is a registered voter in Miami-Dade County, Florida and a member of the Florida House of Representatives, representing District 107, which is located in Miami-Dade County. He is eligible for reelection to the Florida House of Representatives in 2022. He is a member in good standing of The Florida Bar. Rep. Benjamin is eligible to vote in local, countywide, and multicounty races, including statewide races. This includes the 2022 elections for United States Senate, Governor, Attorney General, and Commissioner of Agriculture. Benjamin's Declaration is attached in Exhibit 5.

19.    Plaintiff Kevin D. Chambliss is a registered voter in Miami-Dade County, Florida and a member of the Florida House of Representatives,

representing District 117, which is located in Miami-Dade County. He is eligible for reelection to the Florida House of Representatives in 2022. Rep. Chambliss is eligible to vote in local, countywide, and multicounty races, including statewide races. This includes the 2022 elections for United States Senate, Governor, Attorney General, and Commissioner of Agriculture. Chambliss's Declaration is attached in Exhibit 5.

20.    Plaintiff Michael C. Grieco is a registered voter in Miami-Dade County, Florida and a member of the Florida House of Representatives, representing District 113, which is located in Miami-Dade County. Rep. Grieco is eligible for reelection to the Florida House of Representatives in 2022, and has announced his candidacy for Florida Senate District 37 for November 2022. He is a member in good standing of The Florida Bar. He is eligible to vote in local, countywide, and multicounty races, including statewide races. This includes the 2022 elections for United States Senate, Governor, Attorney General, and Commissioner of Agriculture. Grieco's Declaration is attached in Exhibit 5.

21.    Plaintiff Felicia S. Robinson is a registered voter in Miami-Dade County, Florida and a member of the Florida House of Representatives, representing District 102, which is partially located in Miami-Dade County. She is eligible for reelection to the Florida House of Representatives in 2022. Rep. Robinson is eligible to vote in local, countywide, and multicounty races, including statewide races. This includes the 2022 elections for United States

Senate, Governor, Attorney General, and Commissioner of Agriculture. Robinson's Declaration is attached in Exhibit 5.

22.    Plaintiff Robert Dempster is a registered voter in Miami-Dade County, Florida. He is eligible to vote in local, countywide, and multicounty races, including statewide races. This includes the 2022 elections for United States Senate, Governor, Attorney General, and Commissioner of Agriculture. Dempster's Declaration is attached in Exhibit 5.

23.    Plaintiff María Elena López is a registered voter in Miami-Dade County, Florida. She is eligible to vote in local, countywide, and multicounty races, including statewide races. This includes the 2022 elections for United States Senate, Governor, Attorney General, and Commissioner of Agriculture. López's Declaration is attached in Exhibit 5.

24.    Plaintiff Florida Democratic Party ("FDP") is the official Democratic Party organization for the State of Florida and is responsible for the Democratic Party candidates qualified for elections in Florida including the primary and General elections in 2022, and in other elections. The FDP is a political organization governed by Florida law, § 103.091, Fla. Stat. The FDP is properly positioned to assert the rights of its members who will vote in upcoming elections. *Fla. Democratic Party v. Hood*, 342 F. Supp. 2d 1073, 1078-79 (N.D. Fla. 2004) (Hinkle, J.) (political party is positioned to "assert its own rights as a political party and also the rights of its candidates and voters."). FDP's Declaration is attached in Exhibit 5.

25.     Unless relief is granted by this Court, the individual Plaintiffs' and FDP's members' digital ballot images will not be preserved, even though other voters across Florida will have their digital ballot images preserved, in violation of equal protection requirements, including in the event of a recount, as occurred in the races for Senate, Governor, and Commissioner of Agriculture in 2018. *See* Sections 102.166(1)(b) and 102.166(6), Fla. Stat.

26.     Defendant Christina White ("SOE") is sued in her official capacity as the Supervisor of Elections for Miami-Dade County, Florida. The SOE has a duty to follow federal and state laws as they pertain to public records and elections, including the duty to preserve and provide access to all public records and election materials, including digital ballot images created by voting equipment in Miami-Dade County. Defendant is an "agency" as defined by § 119.011(2), Fla. Stat., and a "custodian of public records" as defined by § 119.011(5), Fla. Stat.

## EXPEDITED HEARING

27.     Plaintiffs request an expedited hearing pursuant to § 119.11(1), Fla. Stat., which states "[w]henever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the cause priority over other pending cases." *See Salvador v. Fennelly,* 593 So. 2d 1091 (Fla. 4th DCA 1992).

28.     Section 86.111, Fla. Stat., provides that in considering "a judgment for declaratory relief," the "court may order a speedy hearing of an

action for a declaratory judgment and may advance it on the calendar."

29.    Without expedited consideration, future elections and recounts, including the 2022 primary and general elections, will have occurred, rendering any effective remedy meaningless, thereby depriving the Plaintiffs and other voters of their rights guaranteed by the First Amendment to the U.S. Constitution and its Florida counterpart, Article 1, Section 5 of the Florida Constitution; by the Fourteenth Amendment to the U.S. Constitution; by § 101.031(2), Fla. Stat. ("Voter's Bill of Rights"), which includes: "1. Vote and have his or her vote accurately counted;" the rights guaranteed by Florida's Public Records Laws; and Rule 1.610 of the Florida Rules of Civil Procedure that provides for issuance of injunctions on an expedited basis.

## STATEMENT OF FACTS

### Defendant SOE Does Not Preserve the Digital Ballot Images and Corresponding CVRs that Are Automatically Created by Voting Equipment Used in Florida Elections

30.    Digital ballot images are "public records," which Florida law defines as including "all documents, papers, letters, maps, books, tapes, photography, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connections with the transaction of official business by any agency." (emphasis added).

31.    Florida election officials, including the SOE, are required to preserve all election records and materials for at least twenty-two (22) months

in federal elections under federal law (52 U.S.C. § 20701) and under state law (Art. I, § 24(a), Fla. Const.; Chapter 119, Fla. Stat.; State of Florida General Records Schedule GS3 for Election Records, authorized by § 101.545, Fla. Stat., Rule 1B-24.003(1)(c), Florida Administrative Code, which provides authority for the retention of ballot images in the following sections: a) at Page 3, #113, stating "Ballot Image Files" must be retained for 22 months after certification of in a federal election; b) at Page vii, § V, stating "[r[ecords retention schedules apply to records regardless of their physical format. Therefore, records created or maintained in electronic format must be retained in accordance with the minimum retention requirements presented in these schedules, whether the electronic records are the record copy or duplicates;" and, c) at Page i, stating "...a public agency is **not** permitted to **reduce** the retention periods stated in a general records schedule." (emphasis in original document). *See also* U.S. Department of Justice, Guidance Concerning Federal Statutes, issued July 28, 2021, attached as Exhibit 3 ("Jurisdictions must therefore also retain and preserve records in **digital or electronic** form.") (emphasis added).

32.    Section 101.015, Florida Statutes, requires the Department of State, Division of Elections to establish minimum standards for certification of electronic (e.g. digital) voting systems, such as the voting system in use in Miami-Dade County. These minimum standards, that specifically state that no ballot image may be erased or destroyed, are found in the Florida Voting

System Standards published by the Department of State, Division of Elections, Bureau of Voting System Certification, Form DS-DE 101, Eff. 1-1-05. See Exhibit 6. The prohibition against erasing or destroying ballot images in any voting system in use in Florida is specified at Exhibit 6, p. 13. The requirement that ballot images be retained for 22 months after closing of the polls, is contained in the following paragraph on Page 19 of the Voting System Standards, Exhibit 6:

> The generation of reports by the system shall be performed in a manner, which does not erase or destroy any ballot image, parameter, tabulation or audit log data. The system shall provide a means for assuring the maintenance of data integrity and security for a period of at least 22 months after closing of the polls.

33.     Section 102.166, Fla. Stat., effective January 1, 2021, expressly authorizes the use of digital ballot images in election recounts. The statutory language, located at Section 102.166(1)(b), provides that "A manual recount consists of a recount of marksense ballots or of **digital images of those ballots** by a person" (emphasis added), while Section 102.166(6), provides that "[n]othing in this section precludes a county canvassing board or local board involved in the recount from comparing a **digital image of a ballot** to the corresponding physical paper ballot during a manual recount." (emphasis added).

34.     Ballot images and their corresponding CVRs can be used to verify if the vote count is correct since they are the actual record of the vote count.

The United States Department of Justice Guideline states at page 2 that federal election law is about protecting the right to vote and that all voting records must be maintained to preserve and protect that fundamental right (emphasis added):

> **The ultimate purpose of the Civil Rights Act's preservation and retention requirements for federal elections records is to "secure a more effective protection of the right to vote."** *State of Ala. ex rel. Gallion v. Rogers*, 187 F. Supp. 848, 853 (M.D. Ala. 1960) (citing H.R. Rep. 956, 86th Cong., 1st Sess. 7 (1959)), a*ff'd sub nom. Dinkens v. Attorney General*, 285 F.2d 430 (5th Cir. 1961) (per curiam). **The Act protects the right to vote by ensuring that federal elections records remain available in a form that allows for the Department to investigate and prosecute both civil and criminal elections matters under federal law.** The Federal Prosecution of Election Offenses, Eighth Edition 2017 explains that "[t]he detection, investigation, and proof of election crimes – and in many instances Voting Rights Act violations –often depend[s] on documentation generated during the voter registration, voting, tabulation, and election certification processes." *Id.* at 75. **It provides that "all documents and records that may be relevant to the detection or prosecution of federal civil rights or election crimes must be maintained if the documents or records were generated in connection with an election that included one or more federal candidates."** *Id.* at 78.

35.    The U.S. Department of Justice, Guidance Concerning Federal Statutes, further states that the preservation of digital election records is mandatory, Exhibit 3 at page 2 (emphasis added):

> The materials covered by Section 301 extend beyond 'papers' to include other 'records.' Jurisdictions **must** therefore also retain and preserve records created in **digital or electronic** form.

36.    The SOE preserves only Write-In selection digital ballot images but does not preserve and in fact affirmatively oversees the destruction of digital

ballot images and corresponding CVRs created by the county's voting equipment.

37.    Approximately half of Florida's 67 counties comply with Florida and federal law by preserving the digital ballot images and corresponding CVRs created by voting equipment, retaining those images for at least 22 months, and making them available as public records.

38.    These digital ballot images – created when voters cast their votes – are an integral part of the chain of custody of the vote and the audit trail. Ballot images and their corresponding CVRs are the proof, or evidence, that the votes were counted correctly (or incorrectly) because they are the records of how the voting machines counted the marks on the paper ballots and whether machines accurately counted the votes.

39.    Digital scanners automatically make ballot image files of every ballot. These digital ballot image files are used to count the ballots. Each vote is recorded on the CVR corresponding to each ballot image. Votes are not and cannot be counted without the ballot image files.

40.    While paper ballots show the voters' choices, they do not show how and if the voting machines counted those votes. By contrast, retained digital ballot images and their corresponding electronic CVRs show how the voting machine counted those votes. This is especially important in the case of ballots determined to be overvotes and undervotes, some of which may be lawful votes that are not initially counted by the voting machines. Preservation of the digital

ballot images and the CVRs serve as public transparency and audit measures to confirm the accuracy of the official results. Each CVR is a text document corresponding to a particular ballot image and indicates whether a vote was counted and for whom that vote was counted, in relation to its corresponding ballot image.

**Figure 1:** *Portion of a Ballot Image with corresponding portion of its CVR, showing that the vote marked for Donald Trump on the ballot was counted as a vote for Donald Trump by the voting system. For examples of complete ballot images with their complete CVRs, see* [Exhibit 1](Exhibit 1)*.*

**Ballot Image 574,746**            **Cast Vote Record 574,746**

**President and Vice President**
**Presidente y Vice Presidente**
(Vote for One)  (Vote por Uno)

**Cast Vote Record: 574,746**

Poll Place: **EV 6**

● Donald J. Trump            REP
   Michael R. Pence

Precinct: **PCT141**

Ballot Style: **GEN 141 141.1 [ Sheet Number 1 ]**

○ Joseph R. Biden           DEM
   Kamala D. Harris

Party: **Nonpartisan**

Serial Number: **c1e3d7993b07d24f**

○ Jo Jorgensen              LPF
   Jeremy "Spike" Cohen

Machine Serial: **0319331285**

Blank Ballot: **NO**

○ Roque "Rocky" De La Fuente REF
   Darcy G. Richardson

**Contests:**

○ Gloria La Riva            PSL
   Sunil Freeman

**President and Vice President (12395)**

Vote For: 1

○ Howie Hawkins             GRE
   Angela Nicole Walker

            Donald J. Trump (12476)          Counted

○ Don Blankenship           CPF
   William Mohr

○ Write-in
   Por Escrito

**Figure 2:** *Portion of a ballot image with corresponding portion of its CVR showing that this presidential vote was counted as an Undervote (no vote) instead of a vote for Donald Trump because the oval was circled instead of filled in, which the voting machine did not count as a vote.*



41.    The SOE and Miami-Dade County election workers under the SOE's supervision affirmatively *preserve* digital ballot images created for ballots with Write-In selections *only*. The SOE is capable of and amenable to retaining a certain subset of ballot images, yet refuses to preserve *all* digital ballot images and CVRs, as required by law.

42.    The SOE and elections workers under the SOE's supervision allowed the destruction of digital ballot images in prior elections, including the 2020 Presidential election. The SOE refuses to preserve ballot images in future elections, including the 2022 primary and general elections and any associated recounts. The SOE's refusal to preserve ballot images imperils the validity and accuracy of the votes cast in every election in which ballot images are not preserved, including those elections in which federal candidates appear.

43.    As a result of the SOE's failure to comply with Florida's public records laws, and state and federal election laws, digital ballot images and corresponding CVRs used for counting votes and post-election adjudication will be unlawfully destroyed following all elections in the future, including in the 2022 primary and general elections.

44.    Plaintiffs requested production of all ballot images and corresponding CVRs from the November 2020 General Election, most recently in December 2021. However, the SOE did not fulfill Plaintiffs' request, but instead provided ballot images and their corresponding CVRs *only for ballots with write-in votes*, fewer than one in 1,000 of the total ballots cast in the

November 2020 General Election. Additionally, although requested to do so, SOE gave no statutory citation for failing to comply with Plaintiffs' request, in violation of § 119.07(1)(e) ("If the person who has custody of a public record contends that all or part of the record is exempt from inspection and copying, he or she shall state the basis of the exemption that he or she contends is applicable to the record, including the statutory citation to an exemption created or afforded by statute; and in violation of 119.97(1)(f) ("If requested by the person seeking to inspect or copy the record, the custodian of public records shall state in writing and with particularity the reasons for the conclusion that the record is exempt or confidential."). See Exhibit 7, Plaintiffs' Public Records Requests and Miami-Dade SOE responses.

45.    Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in bringing this action under § 119.12, Fla. Stat.. Defendant unlawfully refused to permit a public record to be inspected or copied; and Plaintiffs provided written notice identifying the specific public records request to the agency's custodian of public records at least five (5) business days before filing this civil action.

## CLAIMS FOR RELIEF

## COUNT 1: MANDAMUS

46.     Plaintiffs incorporate Paragraphs 1 through 45 of this Complaint, including all attachments, as if set forth herein.

47.     Plaintiffs seek a writ of mandamus from this Court compelling the SOE to preserve digital ballot image files and corresponding CVRs for all future elections and any possible recounts associated with all future elections, including in the 2022 primary and general elections.

48.     Plaintiffs have no adequate remedy at law.

49.     The SOE's obligation to preserve digital ballot images and CVRs is mandatory pursuant to federal and Florida law.

50.     Defendant has a nondiscretionary, indisputable, ministerial legal duty under § 119.021, Fla. Stat., and other applicable authority to maintain and preserve ballot images and CVRs.

51.     Pursuant to § 119.01(1), Fla. Stat., "It is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to public records is a duty of each agency."

52.     Defendant SOE has a nondiscretionary, indisputable, ministerial legal duty under § 119.07(1)(a), Fla. Stat., and other applicable authority to permit the inspection, copying, and production of the requested public records.

53.     Defendant SOE violated, and is continuing to violate, Florida and

federal law by failing to require the maintenance and preservation of these records by election officials and workers under the SOE's supervision, thereby allowing the destruction of digital ballot images and CVRs contrary to the requirements of federal law and Florida law, including State of Florida General Records Schedule GS3 for Election Records, Item #113, Rule 1B-24.003(1)(c), Florida Administrative Code, authorized by § 101.545, Fla. Stat. ("Retention and destruction of certain election materials.—All ballots, forms, and other election materials shall be retained in the custody of the supervisor of elections for a minimum of 22 months after an election and in accordance with the schedule approved by the Division of Library and Information Services of the Department of State.").

54.    Defendant SOE has an affirmative duty to preserve digital ballot images and their corresponding CVRs pursuant to federal law. *See* 52 U.S.C. § 20701-20706, § 301 ("[e]very officer of election shall retain and preserve, for a period of twenty-two months....all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election...").

55.    Digital ballot images are election records that must be retained and preserved under 52 U.S.C. § 20701 because they are "counted ballots" used for tabulating election results.

56.    Ballot images and their corresponding CVRs are audit records that must be preserved because they document how the voting machines counted

the votes.

57.     The SOE violates Florida's public records law, federal law, and Plaintiffs' First and Fourteenth Amendment rights to a fair and accurate election by not preserving all ballot images and CVRs. Without the preservation of digital ballot images and CVRs, Plaintiffs' right to a fair and accurate election, as required by Florida and federal law, will be denied.

58.     Mandamus is needed to enforce these clearly established rights.

59.     Plaintiffs are harmed by the failure of the SOE to comply with clear legal requirements.

60.     Mandamus serves the public interest for the reasons set forth throughout this Complaint.

61.     A writ of mandamus should issue compelling the SOE to preserve digital ballot images and CVRs for all future elections and any possible recounts associated with all future elections, including in the 2022 primary and general elections.

**COUNT 2: TEMPORARY AND PERMANENT INJUNCTIONS**

63.     Plaintiffs incorporate Paragraphs 1 through 45 of this Complaint, including all attachments, as if set forth herein.

64.      This is an action for temporary and permanent injunctive relief to require that the SOE preserve digital ballot images, CVRs, and electronic image files for all future elections and recounts associated with all future elections, including in the 2022 primary and general elections.

65.    Injunctive relief is supported by the attachments made a part of this Complaint.

66.    Injunctive relief is necessary to preserve and protect digital ballot images automatically created during elections from being destroyed in violation of law, together with their corresponding CVRs.

67.    Plaintiffs have suffered and will suffer irreparable harm through the further failures of the SOE to preserve and maintain digital ballot images and CVRs automatically created during elections.

68.    Plaintiffs have a clear legal right to the relief requested for the reasons set forth throughout this Complaint. Plaintiffs are likely to succeed on the merits of their case as SOE is failing to preserve and direct the preservation of digital ballot images and CVRs automatically created during elections.

69.    Plaintiffs have no adequate remedy at law available to protect and preserve the digital ballot images from destruction.

70.    An injunction serves the public interest for the reasons set forth throughout this Complaint.

71.    Temporary and permanent injunctions should be issued to require that the SOE preserve digital ballot images, CVRs, and electronic image files for future elections and any recounts associated with all future elections, including in the 2022 primary and general elections.

**COUNT 3: DECLARATORY JUDGMENT**

72.    Plaintiffs incorporate Paragraphs 1 through 45 of this Complaint,

including all attachments, as if set forth herein.

73.     A bona fide dispute exists between the parties.

74.     Plaintiffs have a substantial interest in the rights and obligations concerning the preservation of digital ballot images and CVRs as required by law, have equitable or legal relations affected by ballot image preservation, and require judicial confirmation as to their rights, title, status, and interests, and are entitled to have their rights validated by the Court.

75.     There is a bona fide, actual, present practical need for the declaration.

76.     The declaration involves a present, ascertained, or ascertainable state of facts or present controversy as described in this Complaint.

77.      The powers, privileges, or rights of the Plaintiffs are dependent upon the facts and the law applicable to the facts as set forth in this Complaint.

78.     The SOE – through actions, practice, and expressed positions – has shown an interest that is actual, present, adverse, and antagonistic to the Plaintiffs' respective rights and interests described in the Complaint.

79.     The SOE's antagonistic and adverse interest is before the Court by proper process.

80.     The relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

81.     A declaratory judgment is in the public interest for the reasons set

forth in this Complaint.

82.     Declaratory relief preserves the First and Fourteenth Amendment rights of all voters in the State of Florida, the corresponding rights under the Florida Constitution and laws, and upholds the requirements of Florida's Public Records Law.

83.     Plaintiffs seek entry of a declaratory judgment declaring that the SOE must retain digital ballot images and the corresponding CVRs for all future elections and any recounts associated with all elections, including in the 2022 primary and general elections.

<strong>CONCLUSION</strong>

84.     Plaintiffs ask this Court for the following relief:

a.      That the Court assume jurisdiction over this action.

b.      A declaration, judgment, or order finding and directing that digital ballot images are public records, election materials, and counted ballots that must be retained for a period of at least twenty-two (22) months.

c.      A declaration, judgment, or order finding and directing that CVRs are public records and election materials that must accordingly be preserved for a period of at least twenty-two (22) months.

d.      A temporary restraining order requiring the SOE to preserve digital ballot images and CVRs for all elections and any recounts associated with all elections, including in the 2022 primary and general

elections.

e.     A writ of mandamus ordering the SOE to preserve all digital ballot images and CVRs for all future elections and any recounts associated with all future elections, including in the 2022 primary and general elections.

f.     Temporary and permanent injunctive relief requiring SOE to retain all digital ballot images and CVRs for all future elections and any recounts associated with all future elections, including in the 2022 primary and general elections.

g.     Plaintiffs further ask that, upon a final hearing, the Court should declare that SOE has a duty to retain all digital ballot images, corresponding CVRs, and electronic image files.

h.     A judgment or order assessing the costs of this action against the Defendant.

i.     A judgment or order awarding the Plaintiffs their reasonable attorneys' fees and allowable costs.

j.     That the Court grant such other and further relief as would be just and proper.

Dated: January 25, 2022.

Respectfully submitted,

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
Florida Bar No. 233293
**MICHAEL T. DAVIS**
Florida Bar No. 63374
**KUEHNE DAVIS LAW, P.A.**
Miami Tower, Suite 3105
100 S.E. 2nd Street
Miami, Florida 33131-2154
Tel: (305) 789-5989
Fax: (305) 789-5987
ben.kuehne@kuehnelaw.com
mdavis@kuehnelaw.com
efiling@kuehnelaw.com
*Counsel for Plaintiffs*

*S/ Joseph S. Geller*
**JOSEPH S. GELLER**
Florida Bar No. 292771
**GREENSPOON MARDER, P.A.**
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 491-1120
Fax: (954) 331-2037
joseph.geller@gmlaw.com
*Counsel for Plaintiffs Except for
Joseph S. Geller*

*S/ Marc A. Burton*
**MARC A. BURTON**
Florida Bar No. 95318
**RICHARD J. BURTON**
Florida Bar No. 179337
**THE BURTON FIRM, P.A.**
2875 N.E. 191st Street, Suite 403
Aventura, Florida 33180
Tel: (305) 705-0888
Fax: (305) 705-0008
pleadings@theburtonfirm.com
mburton@theburtonfirm.com
rb@theburtonfirm.com
*Counsel for Plaintiffs*

*S/ Carl Christian Sautter*
**CARL CHRISTIAN SAUTTER**
3623 Everett Street NW
Washington, D.C. 20008
Indiana Bar No. 45-53
*Pro Hac Vice to be Sought*
Tel: (202) 285-7560
sauttercom@aol.com
*Counsel for Plaintiffs*